## FERNANDEZ v. BRINKLEY.
### Civil Action No. 1721-M.

District Court, S. D. Florida, Miami Division.

March 20, 1947.

David Koller, of Miami Beach, Fla., for plaintiff.

G. T. Whitfield, of Miami, Fla., for defendant.

De VANE, District Judge.

This case came on for trial before the court, without a jury, on March 12, 1947; the jury having been specifically waived. This is a suit to recover what is alleged to be an excess payment over the ceiling price for an automobile sold by defendant to plaintiff. The parties stipulated that the ceiling price for the automobile in question, on the date of sale, was $519. Plaintiff claims he paid defendant $695 for the car while defendant denies that plaintiff paid more than the ceiling price therefor.

Plaintiff testified that at the time of the transaction he paid defendant $250 in cash, gave defendant his check for $95 and signed papers of the Finance Company for $350, which was also paid to defendant. Plaintiff's testimony is supported by a witness who testified that he loaned plaintiff $50 when the transaction was consummated and saw plaintiff pay the $250 in cash and give his check for $95 to the defendant. Defendant admits receipt of the $95 check and $350 from the Finance Company, but testified plaintiff gave him only $74 in cash. An employee of defendant supported defendant's testimony to same effect.

Upon the entire record in this case, the demeanor of the witnesses on the witness stand and their observation by the court while testifying the court is more impressed by the testimony of plaintiff and his witness and finds and holds that defendant sold said automobile for $176.00 above the ceiling price therefor.

While the court is convinced by the evidence that the violation of the regulation of the Office of Price Administration by defendant was willful there is no evidence in the case that warrants the court in assessing treble damages against defendant. The evidence shows that plaintiff was anxious to purchase the automobile and was entirely satisfied with his transaction with defendant and brought this suit after he had been summoned by the Office of Price Administration, to its office, and informed that he had paid excess of the ceiling price for the

automobile. Under these circumstances the court will assess damages against the defendant in the sum of $200, plus a reasonable attorney's fee.

In this case parties stipulated that in the event a judgment should be rendered for plaintiff and if evidence shows that plaintiff is entitled to recover, in addition, an attorney's fee that said fee should be fixed by the court in the sum of $200, and the court finds $200 to be a reasonable attorney's fee.

A Judgment will be entered for plaintiff in accordance with this Memorandum Decision.